## Lucchese, Appellant, *v.* Koch'anowsky.

*Equity—Specific performance—Vendor and vendee—Time essence of contract—Change in date of performance.*

Specific performance of a contract for the sale of real estate will not be decreed where the chancellor finds as a fact that the time fixed for settlement in the contract had been altered without the defendant's consent, that time was of the essence of the contract, that an alleged postponement of the date of settlement had not been actually agreed upon by the parties, and that the plaintiff was not prepared to settle on the date fixed by the contract.

Argued March 7, 1922. Appeal, No. 354, Jan. T., 1922, by plaintiff, from decree of C. P. Berks Co., Equity Docket 1920, No. 1264, dismissing bill in equity, in case of Santo Lucchese v. Joseph Kochanowsky. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance.  Before ENDLICH, P. J.
The opinion of the Supreme Court states the facts.

Bill dismissed: Berks Co. L. J. 290.  Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Walter S. Young,* for appellant.

*Henry P. Keiser* and *John B. Stevenson,* for appellee, were not heard.

PER CURIAM, March 27, 1922:

The court below refused to decree specific performance of a written agreement for the sale of real estate, and the vendee has appealed from a decree dismissing his bill.  The contract in question fixed April 1, 1920, for settlement, and the chancellor found the "dealings and negotiations of the parties" proved they considered time of its essence; also that the "contract was altered by writing the word 'ten' over the word 'first' of April," and this change was made neither with defendant's consent nor his understanding that it postponed payment of the purchase price; that the evidence did not show the alleged postponement to have been "actually agreed to by both parties"; that, on the contrary, "the parties themselves treated the time limit [originally] fixed......as an essential element."  On these findings, the chancellor concluded that "plaintiff, having been unprepared on April 1, 1920, to consummate the contract......, and no arrangement having been agreed upon in place of it, is not entitled to a decree of specific performance."  We see no error.

The decree is affirmed at cost of appellant.